UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-127 |
| OSCAR ARMANDO-PERDOMO | SECTION: "C" |

## ORDER AND REASONS

Before this court is Defendant Oscar Armando-Perdomo's *pro se* Motion for Return of Property. Rec. Doc. 780. The government has filed an opposition to Defendant's motion. Rec. Doc. 798. For the following reasons, the motion is DENIED.

### I. Background

On May 22, 2014, Mr. Perdomo pled guilty to one count of conspiracy to defraud the United States and to commit mail and wire fraud, one count of aggravated identity theft and one count of mail fraud. Rec. Doc. 397. He was sentenced on August 27, 2014 to a total of 42 months, and ordered to pay restitution in the amount of $200,000.00. Rec. Doc. 622. Mr. Perdomo filed a Notice of Appeal to the Fifth Circuit Court of Appeals on January 26, 2015. Rec. Doc. 776. The matter is still pending before the Fifth Circuit. Mr. Perdomo's instant motion was filed February 3, 2015. Rec. Doc. 780.

Mr. Perdomo's Motion is seeking the return of "$920.00 in U.S. currency, and personal jewelry and wallet with identifications." Rec. Doc. 780. It is unclear from his motion when this

property was seized and by whom it was seized. However, according to the government's opposition, Mr. Perdomo consented to a search of his residence by Homeland Security Investigations ("HSI") agents on June 4, 2013. Rec. Doc. 798-2. During that search, agents seized evidence of the crime Mr. Perdomo was convicted of in this matter, including "[v]arious tax documents, identifications, forms W-2 and other miscellaneous documents as well as a computer, a cell phone and $608.00" U.S. currency. *Id.* Mr. Perdomo was arrested by HSI agents on August 19, 2013 and transported to St. Bernard Parish Prison. *Id.* HSI agents did not seize any items from Mr. Perdomo at that time. *Id.*

A written notice of seizure was sent by U.S. mail to Mr. Perdomo's home address on August 2, 2013 for the $608.00 in U.S. currency. Rec. Doc. 798-1 at 4. The notice of seizure was also published on "FORFEITURE.GOV" and posted at the U.S. Customs and Border Protection ("CBP") Port office for thirty days, beginning September 6, 2013 to October 6, 2013. *Id.* at 2. The deadline to file a claim was November 5, 2013. *Id.* Neither Mr. Perdomo, nor a representative for him, filed a claim for the seized $608.00 with the CBP. *Id.* The $608.00 in U.S. currency seized on June 4, 2013 by HSI agents was administratively forfeited on November 6, 2013 pursuant to 19 U.S.C. § § 1607 and 1609 and 19 C.F.R. 162.45. *Id.* at 3.

The government denies seizing the remaining items requested by Mr. Perdomo - $312.00 U.S. currency, personal jewelry and a wallet with identifications at any point on June 4, 2013 or

2

upon his arrest on August 19, 2013. Rec. Doc. 798 at 4. Further, HSI agent Matthew Reidell's affidavit swears that a check of HSI's seizure database revealed no evidence these items were seized. Rec. Doc. 798-2 at 1. The requested items were not in the box of evidence seized as well. *Id.* As the government denies seizing or having custody on these items, the government contends they are not subject to a motion for return of property. Rec. Doc. 798 at 4.

## II. Analysis

Mr. Perdomo's Motion states he is bringing this motion under Federal Rule of Criminal Procedure Rule 41(g). Rule 41(g) reads in part "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." The Government contends Rule 41(g) is not the proper procedural vehicle for Mr. Perdomo's request since Mr. Perdomo's criminal case has concluded and Mr. Perdomo has been sentenced. Rec. Doc. 798 at 4. The government's response is instead addressed as if Mr. Perdomo had brought his claims "as a separate civil complaint brought in equity pursuant to 28 U.S.C. § 1331." *Id.*

When criminal proceedings against the movant have concluded, "a motion for the return of property is 'treated as [a] civil equitable proceeding[] even if styled as being pursuant to Fed. R. Crim. P. 41(g).'" *Mora v. United States*, 955 F.2d 156, 158 (2nd Cir. 1992), *quoting United States v. Martinson*, 809 F.2d 1364, 1367 (9th Cir. 1987); *see also Richey v. Smith*, 515 F.2d 1239, 1245

(5th Cir. 1975). The government is correct in arguing that Mr. Perdomo's request should have been

brought as a separate civil complaint and this Court will construe Mr. Perdomo's *pro se* filing as a

civil complaint under the court's general equity jurisdiction. See *Bailey v. United States*, 508 F.3d

736, 738 (5th Cir. 2007).

The government contends that it seized only a portion of the currency Mr. Perdomo is

seeking to have returned. Specifically, $608.00 of the $920.00. The government has provided

evidence that the $608.00 was properly forfeited. Mr. Perdomo may only challenge a completed

forfeiture for violations of due process. *Bailey* 508 F.3d at 739. Mr. Perdomo has not raised any

allegations that he did not receive notice of the forfeiture. The government has provided the Court

with evidence that notice was sent to Mr. Perdomo, the pending forfeiture was advertized on the

government's website and no claims for the money were filed by Mr. Perdomo nor his representative

prior to the deadline. Without specific allegations from Mr. Perdomo that this forfeiture failed to

comport with due process requirements, the forfeiture of $608.00 is final.

As for the remaining items requested, specifically, (1) $312.00 (remaining balance of

$920.00 initially requested); (2) wallet with identifications; and (3) personal jewelry, the government

maintains it does not have these items. If the government does not have the property Mr. Perdomo

is seeking, then his motion must be denied "because the government cannot return property it does

not possess." *Bailey*, 508 F.3d at 740. Further, "a court may summarily dismiss a Rule 41(g) motion for lack of jurisdiction where 'there is no evidence of record to show that the property in question was ever in the possession of the federal government." *Robinson v. United States*, 2013 WL 682894 at 8 (ED Va., 2013), *quoting United States v. Obi*, 100 F. App'x 498, 499 (6th Cir. 2004). The affidavit from HSI agent Reidell avers that these items were not seized from Mr. Perdomo during the initial search of his home nor his subsequent arrest. Mr. Perdomo did not specify in his motion when or where these items were seized. Without evidence that the government either possessed or still possesses these items, Mr. Perdomo's motion must be denied.

Accordingly,

IT IS ORDERED that the Motion for Return of Property filed by Oscar Armando-Perdomo is DENIED.  Rec. Doc. 780.

New Orleans, Louisiana, this 3rd day of April, 2015.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

5